**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | Case No. 2:07-CR-145-KJD-PAL |
| v. | **ORDER** |
| SCOTT MICHAEL SIEBER, | |
|     Defendant. | |

    Before the Court is Defendant Scott Michael Sieber's Motion for Nunc Pro Tunc Order to Correct Judgment (#1241). The United States responded (#1267) and Defendant replied (#1291).

I. Background

    Defendant petitions this Court regarding three issues. First, Defendant petitions this Court to transfer Defendant from State custody into the custody of the Federal Bureau of Prisons ("FBOP"). Second, Defendant petitions this Court to revise his sentence to run from the date of his guilty plea rather than from the date of sentencing. Third, it appears that Defendant also petitions this Court to Order that his Federal sentence run concurrently with his State sentence.

II. Discussion

      A. Transferring Defendant from State custody to Federal custody

It is well established in this Circuit that an attempt to transfer a prisoner from the custody of the state into federal custody violates "fundamental principles of comity and separation of powers." United States v. Warren, 610 F.2d 680, 684 (9th Cir. 1980). Such transfer decisions are "to be resolved by the executive branches of the two sovereigns." Id. Accordingly, this Court lacks authority to effect Defendant's transfer.

      B. Power to Modify a Term of Imprisonment After Imposition

While the courts have some power to modify a term of imprisonment once it has been imposed, that power is strictly limited by 18 U.S.C. § 3582(c). Defendant does not appear to qualify for sentence modification under any provision of § 3582(c), nor does Defendant allege any such qualification. Accordingly this Court lacks authority to modify Defendant's term of imprisonment.

          i. Running the Sentence from Date of Guilty Plea Rather than Sentencing Date

This Circuit held in 2011 that a prisoner's sentence cannot "commence before the district court imposed the federal sentence." Schleining v. Thomas, 642 F.3d 1242, 1247, 1249 (9th Cir. 2011) cert. denied, 132 S. Ct. 2415 (U.S. 2012). Accordingly, this Court lacks authority to commence Defendant's sentence on any date prior to sentencing, even during the sentencing period.

          ii. Running Defendant's Federal Sentence Concurrently with his State Sentence

The courts are generally able to specify whether a sentence will be served concurrently or consecutively during sentencing. 18 U.S.C. § 3584(a). However, both the Bureau of Prisons and the United States have acknowledged that Defendant's sentence began to run on the date his federal sentence was imposed, making it concurrent with the State sentence (#1267, Response to Motion for Nunc Pro Tunc Order to Correct Judgment, Exhibit 1, p. 2). Accordingly, Defendant's petition for concurrent running of his sentences is moot.

///

///

III. Conclusion

**IT IS HEREBY ORDERED THAT** Defendant's Motion for Nunc Pro Tunc Order to Correct Judgment (#1241) is **DENIED**;

**IT IS FURTHER ORDERED THAT** Defendant's Motion for Nunc ProTunc Order to Correct Judgment (#1411) is **DENIED** as duplicative and moot.

DATED this 28th day of May 2013.

_____
Kent J. Dawson
United States District Judge